IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMIL JONES, | ) | |
| | ) | |
| Petitioner | ) | Case No. 1:19-cv-203 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| ERIE COUNTY COURT OF | ) | UNITED STATES MAGISTRATE JUDGE |
| COMMON PLEAS, THE ATTORNEY | ) | |
| GENERAL OF THE STATE | ) | MEMORANDUM OPINION |
| OF PENNSYLVANIA, | ) | ON PETITION FOR WRIT OF |
| WARDEN OF THE ERIE COUNTY | ) | HABEAS CORPUS [ECF No. 1] |
| PRISON, DISTRICT ATTORNEY OF | ) | |
| ERIE COUNTY, | ) | |
| | ) | |
| Respondents | ) | |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Jamil Jones pursuant to 28 U.S.C.

§ 2254. ECF No. 1. For the reasons that follow, the petition will be denied.[1]

I.      Background

Jones is currently serving a sentence of two and one-half to six years' imprisonment imposed by

the Court of Common Pleas of Erie County following his conviction, at a jury trial, of a violation of the

Pennsylvania Uniform Firearms Act of 1995: firearms not to be carried without a license. His direct

appeal concluded when the Pennsylvania Superior Court affirmed his judgment of sentence.

*Commonwealth v. Jones*, 2017 Pa. Super. Unpub. LEXIS 2335; 174 A.3d 80 (Pa. Super. 2017). He

subsequently filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. The PCRA petition was dismissed and the dismissal was affirmed on appeal.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

*Commonwealth v. Jones*, 2018 Pa. Super. Unpub. LEXIS 3185; 195 A.3d 1041 (Pa. Super. 2018).  The

Pennsylvania Supreme Court denied his petition for allowance of appeal on February 26, 2019.

*Commonwealth v. Jones*, 203 A.3d 207 (Pa. 2019).

Jones filed this timely petition for a writ of habeas corpus on or about July 16, 2019.  ECF No. 1.

Respondents filed a response to the petition on October 11, 2019.  ECF No. 4.  The petition is ripe for

disposition.

II.      Analysis

A.      Grounds One/Four:  Ineffectiveness for failure to raise sufficiency of the evidence[2]

Jones first argues that the evidence was not sufficient to support his conviction for firearms not to

be carried without a license, 18 Pa.C.S.A. § 6106.  ECF No. 1 at 5.  Jones raised this claim in his PCRA

petition in the context of his trial counsel's ineffectiveness for failure to raise the sufficiency claim on

direct appeal.  The Pennsylvania Superior Court addressed this claim as follows:

> A prior panel of this Court summarized the pertinent facts:
>
> > During her shift on July 5, 2015, Officer [Cheryl] Frey saw [Jones], two other adults
> > and a small child crossing the street on foot. [Jones] was wearing a red vest. Officer
> > Frey recognized [Jones's] face but could not recall his name. She thought his name
> > might be Laquan Martin. During the roll call prior to her shift, the names of [Jones]
> > and Laquan Martin were listed as having active warrants. Officer Frey got out of her
> > vehicle and asked [Jones] for his identification. [Jones] asked Officer Frey why she
> > was stopping him, and Officer Frey responded that she believed there was a warrant
> > for his arrest. [Jones] took off his vest and handed it to a friend before giving Officer
> > Frey his identification. After confirming through dispatch that there was a warrant,
> > Officer Frey handcuffed [Jones] and retrieved [his] vest from his friend, who still
> > had the vest over his arm.
> >
> > While Officer Frey was walking [Jones] back to the vehicle, [Jones] asked Officer
> > Frey why she took the vest, claiming it belonged to his friend. Officer Frey told him
> > she was suspicious of why he would hand it to his friend when all she wanted was
> > his identification. [Jones] then told Officer Frey there was a firearm in the vest.
> > According to Officer Frey, she did not ask [Jones] any questions to prompt this

---

[2] Jones asserts "Sufficiency of Evidence" at Ground One but acknowledges that he did not raise this claim in state court.  ECF No. 1 at 6.  He asserts "Ineffective Assistance of Counsel" at Ground Four, baldly asserting that "Trial counsel failed to preserve several arguments …."  *Id.* at 10.

statement. Officer Frey placed [Jones] in the back of her vehicle and laid the vest on the ground. When back-up officers arrived, they retrieved a .380 automatic Ruger from the vest and unloaded it.

*Commonwealth v. Jones*, 174 A.3d 80, 2017 Pa. Super. Unpub. LEXIS 2335 (Pa. Super. 2017), unpublished memorandum, at 1-2 (record citations omitted).

. . .

[Jones] claims trial counsel was ineffective, pursuant to § 9543(a)(2)(ii) of the PCRA, for failing to preserve a challenge to the sufficiency of the evidence during trial and on direct appeal. Appellant's Brief at 2. "On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record." *Commonwealth v. Jones*, 2007 PA Super 255, 932 A.2d 179, 181 (Pa. Super. 2007). To establish that counsel was ineffective, a petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's error prejudiced the petitioner. *Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352 (Pa. 1995), *cert. denied*, 516 U.S. 1121, 116 S. Ct. 931, 133 L. Ed. 2d 858 (1996). Failure to establish all three prongs results in failure of the claim. *Id.*

[Jones] argues that trial counsel should have challenged the sufficiency of the evidence because the Commonwealth's case rested entirely on the testimony of Officer Frey, and no other evidence confirmed his possession of a concealed firearm. As noted above, Officer Frey testified that she observed [Jones] wearing a vest; that [Jones] removed the vest and handed it to his friend; and that back-up officers retrieved a firearm from inside the vest after Officer Frey retrieved it from [Jones's] friend. Where a defendant challenges the sufficiency of the evidence in support of a conviction, the reviewing court must view the evidence in the light most favorable to the Commonwealth as verdict winner, and the court cannot reweigh the evidence or make credibility determinations. *Commonwealth v. Kane*, 2010 PA Super 218, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (Pa. 2011). Given the strictures governing a sufficiency of the evidence challenge, the reviewing court would not have been free to discredit Officer Frey's testimony or reweigh it in light of any other relevant evidence. Because Officer Frey's testimony was more than sufficient to establish that [Jones] was in possession of a concealed firearm, any challenge to the sufficiency of the evidence was doomed to failure. We reject [Jones's] assertion of ineffective assistance of counsel because the underlying issue lacks arguable merit.

*Commonwealth v. Jones*, 2018 Pa. Super. Unpub. LEXIS 3185, at *1-2, 3-5 (Pa. Super. 2018).

Because the state court reviewed this claim and rejected it on its merits, the following standard is applicable:

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, if a state court rejects a claimed federal violation on the merits, to obtain habeas relief a petitioner must show that the ruling:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004); *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009).

An unreasonable application of federal law focuses on whether the state court unreasonably applied relevant Supreme Court holdings. *White v. Woodall*, 572 U.S. 415, 419-20, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014). A petitioner must show an error so egregious "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). An unreasonable determination of the facts is one where the petitioner proves by clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), that the conclusion drawn from the evidence by the state court is so improbable that it "blinks reality." *See Miller-El v. Dretke*, 545 U.S. 231, 266, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005); This is a high bar to clear: as long as reasonable minds might disagree about the correctness of a factual determination, a federal habeas court must defer to the state court's determination. *See Rice v. Collins*, 546 U.S. 333, 341-42, 126 S. Ct. 969, 163 L. Ed. 2d 824 (2006).

*Allen v. Kerestes*, 2019 U.S. Dist. LEXIS 193970, at *2-4 (W.D. Pa. Nov. 4, 2019).

Jones offers no challenge at all to the Superior Court's ruling. He asserts only:

The arresting officer never seen me possess any firearm. Furthermore it was never secured from my person. The firearm was retrieved after she removed an item from another person. The Commonwealth offered no physical evidence such as fingerprints/DNA but only the cop testimony.

ECF No. 1 at 5.

This argument was rejected by the Superior Court as meritless. Because Jones has failed to show why this Court should not defer to that ruling, he has failed to meet his burden and cannot receive habeas relief on this claim. It will be dismissed.

4

B.      Ground Two:  Illegal search and seizure

Jones next argues that he was subject to illegal search and seizure.  Specifically, he asserts:

Cop stopped me thinking I was another person.  She claimed I was Laquan Martin.  Told her I wasn't and she didn't let me leave.  There was no criminal activity afoot.  She testified to thinking I was one of two ppl., but she stated only one name.

ECF No. 1 at 7.

Jones raised this issue in his direct appeal.  The Pennsylvania Superior Court addressed it as

follows:

On appeal, [Jones] argues that Officer Frey lacked reasonable suspicion to stop him because she had no reasonable belief that criminal activity was afoot. Appellant's Brief at 9. According to [Jones], Officer Frey's "hunch" that [Jones] was one of two people who had active warrants was insufficient to justify the initial stop of [Jones]; therefore, the firearm that was discovered later must be suppressed as fruit of the poisonous tree. *Id.*

In determining the propriety of the interactions between Officer Frey and [Jones], the following principles are relevant.

The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures. In Fourth Amendment jurisprudence, there are three categories of interactions between citizens and the police:

The first [category] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion[], but carries no official compulsion to stop or respond. The second, an "investigative detention," must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Parker*, 161 A.3d 357, 2017 PA Super 132, [WL] at *3 (Pa. Super. 2017) (citations omitted).

In evaluating the level of interaction, courts conduct an objective examination of the totality of the surrounding circumstances.  We are bound by the suppression court's factual findings, if supported by the record; however, the question presented—whether a seizure occurred—is a pure question of law subject to plenary review.

The totality-of-the-circumstances test is ultimately centered on whether the suspect has in some way been restrained by physical force or show of coercive authority.

5

Under this test, no single factor controls the ultimate conclusion as to whether a seizure occurred—to guide the inquiry, the United States Supreme Court and [the Pennsylvania Supreme] Court have employed an objective test entailing a determination of whether a reasonable person would have felt free to leave or otherwise terminate the encounter.   [W]hat constitutes a restraint on liberty prompting a person to conclude that he is not free to "leave" will vary, not only with the particular police conduct at issue, but also with the setting in which the conduct occurs.

*Commonwealth v. Lyles*, 626 Pa. 343, 97 A.3d 298, 302-03 (Pa. 2014) (citations omitted).

Here, the suppression court determined that Officer Frey's initial stop of [Jones] to request identification was a permissible *Terry* [*v. Ohio*, 392 U.S. 1 (1968)] stop due to her specific recognition of [Jones] as someone with a warrant, even if she mismatched his face with the name of someone else.  Furthermore, the suppression court found that Officer Frey legally continued to detain [Jones] when she called dispatch to confirm that he had a warrant.  N.T., 3/2/2016, at 29-30.

While "the mere request for identification does not in itself create an investigatory detention," an encounter becomes an investigatory detention when "the request for identification is coupled with a restraint of liberty, physical force or show of authority." *Commonwealth v. Baldwin*, 2016 PA Super 199, 147 A.3d 1200, 1204 (Pa. Super. 2016). Officer Frey informed [Jones] that she was requesting his identification because she believed he had a warrant out for his arrest.  In that circumstance, a reasonable person would not feel free to leave.  *See Parker*, _ A.3d, 2017 PA Super 132, [WL] at *6 (holding that when a police officer requests identification along with a suggestion that the person is suspected of criminal wrongdoing, the situation rises to the level of an investigatory detention).  Likewise, a reasonable person would not feel free to leave while a police officer possesses the person's identification to check for outstanding warrants.  *See Commonwealth v. Hudson*, 2010 PA Super 96, 995 A.2d 1253, 1259 (Pa. Super. 2010) ("Officer Gonzalez effectuated an investigative detention of Hudson at the time that Officer Gonzalez took and maintained possession of Hudson's identification. In such a situation, no reasonable person would have felt free to terminate the encounter and depart the scene." ). Thus, Officer Frey needed to have reasonable suspicion that criminal activity was afoot to justify her initial stop of [Jones] and his detention while she investigated her suspicion that he had a warrant. *See Parker*, _ A.3d, 2017 PA Super 132, [WL] at *6.

To effectuate an investigative stop, law enforcement officers must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity" and the officer must be able to "articulate [the basis as] something more than an inchoate and unparticularized suspicion or hunch." *Commonwealth v. Carter*, 2014 PA Super 265, 105 A.3d 765, 768-69 (Pa. Super. 2014).  We agree with the trial court that Officer Frey's specific recognition of [Jones] as someone with an active warrant, even if she initially mismatched his face with the name of someone else, constituted reasonable suspicion justifying the initial stop to obtain [his] identification and the brief detention to confirm that he did, indeed, have an active warrant.  Thus, because the detention of [Jones] was

6

lawful, the trial court did not err by failing to suppress the firearm that was later discovered after the detention.

*Commonwealth v. Jones*, 2017 Pa. Super. Unpub. LEXIS 2335, at *4-8 (Pa. Super. 2017) (footnote omitted).

As with the previous claim, this claim was rejected by the Superior Court as meritless. Jones presents no challenge to the Superior Court's ruling. Because Jones has failed to show why this Court should not defer to that ruling, he has failed to meet his burden and cannot receive habeas relief on this claim. It will be dismissed.

C.     Ground Three:  5th Amendment

The basis for Jones's third claim, entitled "5th Amendment," is not clear.  He asserts:

Cop says "allegedly" defendant told her that there was a firearm from the vest seized at the scene.  Defendant never said such even if so no video/written statement exist to support such.  Furthermore defendant claims such was never said.  There was also no Miranda Rights offered.  Also to my best knowledge there was no affidavit to support criminal complaint.

ECF No. 1 at 8.

He alleges that he raised this argument in his PCRA petition and on appeal from the dismissal of his PCRA petition.  *Id.* at 9.  He did not do so.  ECF No. 5-2 at 5.

As this Court has explained:

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  A petitioner satisfies the exhaustion requirement "only if [the petitioner] can show that [he or she] fairly presented the federal claim at each level of the established state-court system for review."  *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).  The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a

federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan*, 526 U.S. at 845. Either way, the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). "Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied." *Stoss v. Estock*, 2019 U.S. Dist. LEXIS 83240, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989)).

*Dean v. Tice*, 2020 U.S. Dist. LEXIS 96328, at *12-13 (W.D. Pa. June 1, 2020).

When a petitioner has failed to fairly present his claim to the state courts, but state procedural rules, such as the time limitations in the PCRA, *see* 42 Pa.C.S.A. § 9545(b), now bar him from doing so the exhaustion requirement is excused; however, the claims are considered to be procedurally defaulted. *See, e.g., Lines v. Larkins*, 208 F.3d 153, 162-66 (3d Cir. 2000). A petitioner can overcome procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman v. Thompson*, 501 U.S.722, 750 (1991). Jones has made no effort to overcome his procedural default of this claim. He is not entitled to relief thereupon.

D.   Conclusion

For the foregoing reasons, the petition will be denied.

III.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*

§ 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  Applying those standards here, jurists of reason would not find it debatable whether Jones's claims should be denied for the reasons given herein.  Accordingly, no certificate of appealability should issue.

An appropriate Order will follow.


Dated: August 9, 2021

RICHARD A. LANZILLO
United States Magistrate Judge

9